**UNITED STATES of America,**
**Appellee,**

v.

**Nixon HURTADO, Defendant–**
**Appellant.**

Nos. 05–1833–cr (L), 05–6061–cr (CON).

United States Court of Appeals,
Second Circuit.

Dec. 13, 2007.

Lawrence D. Gerzog, New York, NY, for Defendant–Appellant Hurtado.

Boyd M. Johnson III, Kevin R. Puvalowski, Assistant United States Attorneys, Southern District of New York (Michael J. Garcia, United States Attorney, on the brief), New York, NY, for Respondent.

Present CABRANES, PETER W. HALL, Circuit Judges.*

## SUMMARY ORDER

Defendant–Appellant Nixon Hurtado appeals from a judgment of conviction entered in the District Court pursuant to a guilty plea to conspiracy to launder narcotics proceeds in violation of 18 U.S.C. § 1956(a)(1)(B). Hurtado argues that his guilty plea was involuntary because it was made after the District Court misled him about the immigration consequences of pleading guilty. We assume the parties' familiarity with the facts, the procedural history, and the issue presented on appeal.

During a December 2004 plea proceeding which satisfied all the requirements of Fed.R.Crim.P. 11, the District Court at one point asked Hurtado whether he was an American citizen. When Hurtado responded that he was not a citizen but had a green card, the District Court told Hurtado, "Well, that's comforting for you, I think, but you should be sure to discuss with your lawyer what that means in terms of your immigration status. I'm not clear, but it certainly should be on the 'to do' list that you talk about with your lawyer. Okay?" Hurtado responded, "Yes." Hurtado later confirmed that he was pleading guilty out of his own free will, and the plea was accepted. The District Court denied Hurtado's subsequent motion to withdraw his guilty plea, made nearly eight months later, which raised the same argument raised here.

Hurtado contends that by using the word "comforting," the District Court implied that Hurtado would not be subject to deportation as an aggravated felon, when, although he was unaware of it, the law is clear that he will be subject to deportation. See 8 U.S.C. § 1101(a)(43)(D) (defining

"aggravated felony" as "an offense described in section 1956 of Title 18 (relating to laundering of monetary instruments) …"). He further argues that the District Court's disclaimer that he should talk to his lawyer about the immigration consequences of his guilty plea was insufficient to cure what he characterizes as a misrepresentation. While this Court has not yet determined whether courts are required to discuss the immigration consequences of pleading guilty when the defendant may be facing "automatic" deportation as an aggravated felon, see Sean Zhang v. United States, 506 F.3d 162, 167 (2d Cir. 2007), that issue is not before us here because the court did "put [Hurtado] on notice that his guilty plea had potential immigration consequences, and provided an opportunity to pursue those consequences more fully with his attorney or with an immigration specialist." Id. at 169. The District Court's use of the word "comforting" was not misleading or prejudicial because the court stressed that it was "not clear" on the law, and that an immigration attorney would be better suited to determine the ramifications of Hurtado's guilty plea. See id. (declining to "hold a sentencing court that has decided to address the topic [of deportation] to a higher standard of detail in explaining possible immigration ramifications—a notoriously complex and constantly shifting area of law …").

Accordingly, the judgment of the District Court in the case against Nixon Hurtado is hereby **AFFIRMED.**

* The Honorable Thomas J. Meskill, a member of the panel, died on October 29, 2007. This appeal is being decided by the two remaining members of the panel, who are in agreement. See Local Rule § 0.14(b).